# SUPREME COURT OF THE UNITED STATES

TRACEY L. JOHNSON, ET AL. *v.* CITY OF SHELBY,
MISSISSIPPI

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 13–1318.   Decided November 10, 2014

PER CURIAM.

Plaintiffs below, petitioners here, worked as police officers for the city of Shelby, Mississippi. They allege that they were fired by the city's board of aldermen, not for deficient performance, but because they brought to light criminal activities of one of the aldermen. Charging violations of their Fourteenth Amendment due process rights, they sought compensatory relief from the city. Summary judgment was entered against them in the District Court, and affirmed on appeal, for failure to invoke 42 U. S. C. §1983 in their complaint.

We summarily reverse. Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. See Advisory Committee Report of October 1955, reprinted in 12A C. Wright, A. Miller, M. Kane, R. Marcus, and A. Steinman, Federal Practice and Procedure, p. 644 (2014 ed.) (Federal Rules of Civil Procedure "are designed to discourage battles over mere form of statement"); 5 C. Wright & A. Miller, §1215, p. 172 (3d ed. 2002) (Rule 8(a)(2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities"). In particular, no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke §1983 expressly in order to state a claim. See *Leatherman* v. *Tarrant County Narcotics Intelligence and*

*Coordination Unit*, 507 U. S. 163, 164 (1993) (a federal court may not apply a standard "more stringent than the usual pleading requirements of Rule 8(a)" in "civil rights cases alleging municipal liability"); *Swierkiewicz* v. *Sorema N. A.*, 534 U. S. 506, 512 (2002) (imposing a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2)").

The Fifth Circuit defended its requirement that complaints expressly invoke §1983 as "not a mere pleading formality." 743 F. 3d 59, 62 (2013) (internal quotation marks omitted). The requirement serves a notice function, the Fifth Circuit said, because "[c]ertain consequences flow from claims under §1983, such as the unavailability of *respondeat superior* liability, which bears on the qualified immunity analysis." *Ibid.* This statement displays some confusion in the Fifth Circuit's perception of petitioners' suit. No "qualified immunity analysis" is implicated here, as petitioners asserted a constitutional claim against the city only, not against any municipal officer. See *Owen* v. *Independence*, 445 U. S. 622, 638 (1980) (a "municipality may not assert the good faith of its officers or agents as a defense to liability under §1983").

Our decisions in *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544 (2007), and *Ashcroft* v. *Iqbal*, 556 U. S. 662 (2009), are not in point, for they concern the *factual* allegations a complaint must contain to survive a motion to dismiss. A plaintiff, they instruct, must plead facts sufficient to show that her claim has substantive plausibility. Petitioners' complaint was not deficient in that regard. Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim. See Fed. Rules Civ. Proc. 8(a)(2) and (3),

(d)(1), (e). For clarification and to ward off further insistence on a punctiliously stated "theory of the pleadings," petitioners, on remand, should be accorded an opportunity to add to their complaint a citation to §1983. See 5 Wright & Miller, *supra*, §1219, at 277–278 ("The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief." (footnotes omitted)); Fed. Rules Civ. Proc. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires.").

\*       \*       \*

For the reasons stated, the petition for certiorari is granted, the judgment of the United States Court of Appeals for the Fifth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*